IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LARRY JOSEPH SPRUEILL,           )
                                 )
              Petitioner,        )
                                 )   1:12CV208
        v.                       )   1:10CR381-1
                                 )
UNITED STATES OF AMERICA,        )
                                 )
              Respondent.        )

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Larry Joseph Sprueill, a federal prisoner, has filed a Motion (Docket Entry 12)[1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a Supporting Brief (Docket Entry 13). Petitioner was indicted on, and later pled guilty to, one count of possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket Entries 1 and 11.) Petitioner received concurrent sentences of 41 months of imprisonment. (Docket Entry 11.) He did not file a direct appeal, but instead submitted his current Motion. Respondent filed a Response (Docket Entry 17), Petitioner filed a Reply (Docket Entry 19), and the matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.[1] Petitioner has also recently filed an "Emergency Petition for Relief from Judgment" (Docket Entry 24),

---

[1] This and all further cites to the record are to the criminal case.

[2] Petitioner has also filed a "Request for Speedy Decision," which the Court construes as a motion to expedite the proceedings. (Docket Entry 20.) This motion is now moot and should therefore be denied.

in which he attempts to attack his criminal conviction under Rule 60(b)(5) of the Federal Rules of Civil Procedure.

## Petitioner's Section 2255 Claims

Petitioner raises four claims for relief in his Motion and Supporting Brief. His first claim contends that his Indictment (Docket Entry 1) was deficient in that it did not state a crime because it "failed to allege any facts by and through a witness competent to testify, testifying under oath and attesting to authenticated evidence to show that a violation of federal law had occurred." (Supporting Brief at 1.) His remaining three claims all concern his arraignment. He complains that no document was presented at arraignment that named witnesses or allowed him to present witnesses or other evidence to test the sufficiency of the Indictment, that a United States Magistrate Judge conducted the arraignment instead of a United States District Judge, and that no witness appeared at his arraignment to authenticate the evidence against him and provide him an opportunity for cross-examination. (*Id.* at 1-2.)

As just stated, Petitioner first alleges that his Indictment was deficient for failing to list facts through witnesses attesting to authenticated evidence. This argument demonstrates a fundamental misunderstanding on Petitioner's part about the nature of an indictment. An indictment does not need to contain anything regarding witnesses or evidence. Instead, all that is required is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is constitutionally sufficient if it "apprises the accused of the charge against him so he can prepare his defense" and "enables the accused to plead the Double Jeopardy bar to reprosecution if he is later

2

charged with the same offense." *United States v. American Waste Fibers Co., Inc.*, 809 F.2d 1044, 1046 (4th Cir. 1987).

Count One of Petitioner's Indictment charged that, on or about August 5, 2010, Petitioner "willfully, knowingly and intentionally did unlawfully possess with intent to distribute approximately 18 grams of a mixture and substance containing a detectable amount of cocaine base ('crack')." (Indictment at 1.) Count Two charged that, on or about that same date, Petitioner knowingly possessed two firearms in and affecting commerce after having been convicted of crimes punishable by imprisonment for a term exceeding one year. The indictment specifically identified both the firearms and the prior convictions. (*Id.*) Quite clearly, the Indictment in this case fulfilled the requirements of *American Waste Fibers*. Petitioner's first claim for relief should be denied.

Petitioner's three remaining claims allege errors at his arraignment. Petitioner complains that no document listing witnesses was presented, that he was not able to put on witnesses challenging the Indictment, and that the Government did not put on witnesses supporting the Indictment or allow its witnesses to be cross-examined. Much like his claim attacking the Indictment, Petitioner's claims based on a lack of witnesses and evidence at his arraignment stem from an apparent misunderstanding of the nature of an arraignment. Petitioner appears to believe that an arraignment is akin to a motion hearing or trial. Instead, under Federal Rule of Criminal Procedure 10(a), the entirety of the requirements for an arraignment are that: (1) a defendant must have or be given a copy of the indictment or information, (2) the indictment or information must be read or substantively explained to

3

the defendant, and (3) the defendant must enter a plea to the indictment or information. This is a simple proceeding which does not involve witness testimony or the presentation of evidence. Petitioner does not allege that the requirements of Rule 10(a) were not met. Further, although Petitioner did not have the right at his arraignment to have the Government present evidence and witnesses, take the stand in his own defense, or present his own witnesses and evidence to challenge the Government's, he did have those rights had he gone to trial. He instead waived them by choosing to plead guilty. In no way were his rights violated by his arraignment. Petitioner's claims to the contrary should be denied.

Finally, Petitioner contends that his arraignment was not proper because it was conducted by a Magistrate Judge and not a District Judge. Petitioner is correct that a Magistrate Judge conducted his arraignment. (Minute Entry for 11/08/10.) However, this was entirely proper. Petitioner pled "not guilty" at the arraignment, which means that his charges were not disposed of at that time. A Magistrate Judge is allowed to hear matters that do not result in the disposition of any charges or defenses. Fed. R. Crim P. 59(a). Further, that rule also states that a party may object to an order by a Magistrate Judge within 14 days of the entry of the order. Failure to object waives any objection. *Id.* Petitioner made no objection. Not only was there no problem with a Magistrate Judge conducting the arraignment to enter Petitioner's "not guilty" plea, but Petitioner waived any right he may have had to object. This claim should also be denied.

4

### Petitioner's Rule 60(b)(5) Claim

As noted, Petitioner has also submitted a pleading seeking relief from his criminal judgment and/or sentence pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure. Rule 60(b) is not applicable to criminal proceedings and, consequently, a defendant may not attack his criminal conviction or sentence using the Rules of Civil Procedure. *See United States v. Leake*, No. 04-6276, 2004 WL 1013350, *1 (4th Cir. May 6, 2004) (unpublished); *see also United States v. Breit*, 754 F.2d 526, 530 (4th Cir.1985) (concluding that "there is no provision similar to FRCP 60(b) for relief after final judgment or order in effect for federal criminal cases"). The Court could potentially construe this filing as a motion to amend Petitioner's Section 2255 motion pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, however, any such attempt should be denied as futile. Petitioner apparently seeks to discharge his criminal judgment using terms and instruments generally associated with commercial law involving creditors and debtors. However, this is not a valid means of collaterally attacking his criminal judgment or sentence. *See Harris v. Wands*, 410 Fed. App'x 145, 147 (10th Cir. 2011) ("[The] use of commercial law theories based on the U.C.C. to attack the execution of his criminal sentence simply has no foundation in our laws."). Accordingly, Petitioner's "Emergency Petition for Relief from Judgment" (Docket Entry 24) should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's "Request for Speedy Decision" (Docket Entry 20) is **DENIED** for being moot.

5

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion (Docket Entry 12) to vacate, set aside or correct sentence be denied and that this action be dismissed.

**IT IS FURTHER RECOMMENDED** Petitioner's "Emergency Petition for Relief from Judgment" (Docket Entry 24) be denied.

*/s/ Joe L. Webster*
Joe L. Webster
United States Magistrate Judge

March 28, 2013